**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER MCPHAUL | § | |
| | § | CIVIL ACTION NO. |
| v. | § | 4:18-cv-1642 |
| | § | |
| JASON KIMBROUGH, LAUREN SRALLA, | § | |
| JORGE OCASIO, MIKE CRAWFORD, and | § | |
| HEATH MITCHELL, Individually, and | § | **JURY TRIAL DEMANDED** |
| CITY OF FRISCO | § | |

**COMPLAINT**

COMES NOW, the Plaintiff, Christopher McPhaul, and complains against the Defendants, the City of Frisco, and Police Officers Jason Kimbrough, Lauren Sralla, Jorge Ocasio, Mike Crawford, and Heath Mitchell, individually and in their official capacities, for cause would show the court as follows:

JASON KIMBROUGH, LAUREN SRALLA, JORGE OCASIO, MIKE CRAWFORD, and HEATH MITCHELL, Individually; and CITY OF FRISCO

**NATURE OF THE ACTION**

1.      This is an action brought by the Plaintiff against The City of Frisco, Texas for excessive force and false arrest, and Police Officers Jason Kimbrough, Lauren Sralla, Jorge Ocasio, Mike Crawford, and Heath Mitchell, individually for negligence, gross negligence, unlawful detention, assault/battery, intentional infliction of emotional distress, resulting in injuries to the Plaintiff, under the color of law, in violation of his individual rights under the Fourth and Fourteenth Amendments of the United States Constitution, and in violation of his civil rights pursuant to 42 U.S.C. § 1983.

2.      Plaintiff alleges Frisco City Charter provides that the Frisco City Council is responsible for setting all city policies, unless otherwise delegated. Frisco is a "Council-manager"

**COMPLAINT**                                                                 **Page 1 of 14**

government. "The municipal government provided by this Charter, shall be known as the "Council-Manager Government". Pursuant to its provisions, and subject only to the limitations imposed by the State Constitution, the statutes of this State, and by this Charter, all powers of the City shall be vested in an elective council, hereinafter referred to as the "City Council." (Frisco City Charter, Article I, Section 1.01).

3.    The Frisco City Council is the decision-maker and policymaker for the customs, practices, policies and procedures complained of herein. Frisco City Council had a duty, but failed, to implement and/or enforce policies, practices, procedures, and to ensure adequate training, supervision, and discipline with respect to compliance with these policies for Frisco Police Department.

4.    The Defendant, City of Frisco and Frisco City Council's failure to develop and implement the necessary policies and the resultant *de facto* policy of deliberate indifference to a widespread custom and practice of unconstitutional conduct was the moving force behind the violation of McPhaul's rights under the Fourth and Fourteenth Amendments and caused his unwarranted and excruciating physical and mental anguish. For these civil rights violations and other causes of action discussed herein, McPhaul seeks answers and compensation for his damages.

## PARTIES

5.    Plaintiff, Christopher McPhaul, is a citizen of the United States and a resident of Collin County, Texas.

6.    Defendant, the City of Frisco, is a municipality located in Tarrant County, Texas. The City of Frisco funds and operates the Frisco Police Department (FPD). The FPD is also responsible for preventive, investigative, and enforcement services for all citizens of the City of

**COMPLAINT**                                                                                          **Page 2 of 14**

Frisco. The City of Frisco may be served with citation herein by and through its City Secretary, 6101 Frisco Square Blvd. Fifth Floor, Frisco, TX 75034.

7.    Defendant, Jason Kimbrough, upon information and belief, is a commissioned peace officer duly appointed by City of Frisco and may be served at his place of employment at 7200 Stonebrook Parkway, Frisco, TX 75034.

8.    Defendant, Lauren Sralla, upon information and belief, is a commissioned peace officer duly appointed by City of Frisco and may be served at his place of employment at 7200 Stonebrook Parkway, Frisco, TX 75034.

9.    Defendant, Jorge Ocasio, upon information and belief, is a commissioned peace officer duly appointed by City of Frisco and may be served at his place of employment at 7200 Stonebrook Parkway, Frisco, TX 75034.

10.    Defendant, Mike Crawford, upon information and belief, is a commissioned peace officer duly appointed by City of Frisco and may be served at his place of employment at 7200 Stonebrook Parkway, Frisco, TX 75034.

11.    Defendant, Heath Mitchell, upon information and belief, is a commissioned peace officer duly appointed by City of Frisco and may be served at his place of employment at 7200 Stonebrook Parkway, Frisco, TX 75034.

## JURISDICTION AND VENUE

12.    Jurisdiction exists in this court pursuant to 28 U.S.C. §§ 1331 and 1343 as this action is brought under, inter alia, the Fourth Amendment of the United States Constitution and 42 U.S.C. § 1983, to redress the deprivation of rights, privileges and immunities guaranteed to McPhaul by constitutional and statutory provisions. Plaintiff further invokes the supplemental

jurisdiction of this court pursuant to 28 U.S.C. § 1367 to adjudicate pendent claims arising under the laws of the State of Texas.

13.     Venue is proper in this court because the causes of action occurred within the Northern District of Texas, Dallas Division.

## STATE ACTION

14.     To the extent applicable, Defendants, Jason Kimbrough, Lauren Sralla, Jorge Ocasio, Mike Crawford, and Heath Mitchell (collectively "Defendant Officers") at all times material herein, were commissioned peace officers acting in the course and scope of their employment for the City. They were acting under color of state law when they subjected McPhaul to the wrongs and injuries hereinafter set forth.

## FACTS

15.     One June 24, 2016, Plaintiff returned to his home that he shared with his parents and found the door locked.  He sent a text message his mother and requested that she let him in. McPhaul's mother advised that she was out having dinner and would be unable to open the door immediately.

16.     Plaintiff gained entry into his residence, but he damaged the door in the process. He sent another text message to his mother to let her know that he had damaged the door.

17.     Plaintiff's mother became upset and came home. She asked McPhaul to leave the residence. He refused.  She then called Frisco Police.

18.     McPhaul had not committed a crime.

19.     McPhaul was not accused of committing a crime.

20.     McPhaul was not suspected of committing a crime.

21. Defendant Officers were dispatched to Plaintiff's residence for a "disturbance." By the time they arrived, McPhaul had complied with his mother's request and had left the residence.

22. Defendant Officers encountered McPhaul as he was simply walking down the street to meet his uncle, who was en route to pick him up.

23. Defendant Officers advised that they wanted to talk. McPhaul asked if he was being detained. Defendant Officers replied "NO." Therefore, McPhaul kept walking. McPhaul did not run.

24. Defendant Officers talked to McPhaul as he walked. They then surrounded him and prevented him from proceeding forward. Despite having previously advised McPhaul that he was NOT being detained, Defendant Officers then told McPhaul to put his hands behind his back. McPhaul asked why and emphatically stated that he was doing nothing wrong.

25. Defendant Officers then choked McPhaul to subdue him.



26.    Defendant Officers aggressively placed McPaul in handcuffs while McPhaul was being choked.  They never advised McPhaul why he was now being detained.

27.    McPhaul suffered loss of breath numerous scratches, scrapes and bruises as a result of Defendant Officers' egregious conduct.

28.    McPhaul had to be taken to the emergency room and treated for his injuries.

## EXCESSIVE FORCE
## COUNT I – 42 U.S.C. § 1983

29.    Plaintiff incorporates by reference paragraphs above as if fully set forth herein.

30.    Plaintiff will show that Defendant Officers' actions on the occasion in question were wrongful and constituted gross negligence in depriving McPhaul of his constitutional rights, as alleged more fully below.

31.     Plaintiff would show that at all times material hereto, Defendant Officers had a duty to avoid infliction of unjustified bodily injury to McPhaul, to protect his bodily integrity and to not trample on his constitutional rights.

32.    Plaintiff would show that Defendant Officers failed to act as a reasonable police officer would have acted in the same or similar circumstances. That is, Defendant Officers, without lawful justification and in the absence of any threat whatsoever to their personal safety or that McPhaul was at any time resisting a lawful arrest or detention, assaulted McPhaul and used excessive force as described above and injured McPhaul without probable cause and/or legal justification. McPhaul never made any threatening gestures towards the Defendant Officers.

33.    Defendant Officers' actions were not objectively reasonable because he followed a procedure designed to inflict excessive force on a non-threatening victim.

34.     Plaintiff would further show that Defendant Officers were acting within the custom, policy, practice and/or procedures of the FPD in regards to deprivation of due process and the use of excessive force as authorized and/or ratified Defendant City at the time of the incident.

35.     The force used by the Defendant Officers was unnecessary and unreasonable under the circumstances, as McPhaul, who was cooperating with Defendant Officers, did nothing to require the use of such excessive force.

36.     Plaintiff would further show that as a result of these violations of McPhaul's rights, Plaintiff has suffered damages within the jurisdictional limits of this court.

## CITY OF FRISCO FAILURE TO TRAIN, SUPERVISE, AND DISCIPLINE
### COUNT II- 42 U.S.C. § 1983

37.     Plaintiff incorporates by reference all paragraphs as if fully set forth herein.

38.     Defendant Officers, acting under color of law and acting pursuant to customs, practices and policies of The City of Frisco and FPD in regards to denial of due process and the use of excessive force, as authorized and/or ratified by the City, deprived McPhaul of rights and privileges secured to him by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and by other laws of the United States.

39.     By failing to provide proper training in the use of excessive force and due process, the FPD and City exhibited deliberate indifference to an obvious need for training.

40.     With respect to the claims made the basis of this lawsuit, the City's failure to train its employees in a relevant respect reflects a deliberate indifference to the rights of the city's inhabitants and is actionable under 42 U.S.C. § 1983.

41.    Defendant City of Frisco and FPD under the direction of the Frisco City Council developed and maintained a policy of deficient training of its police force in the use of force, and due process.

42.    The City and FPD's failure to provide adequate training to its police officers regarding the use of excessive force and due process reflects deliberate indifference by of the City and reckless and conscious disregard for the obvious risk that officers would use excessive force on citizens and violate due process rights made the violations of McPhaul's constitutional rights, a reasonable probability.

43.    Plaintiff would show that Defendant Officers' actions were the result of, or within the scope of, wrongful and reckless customs, policies, practices and/or procedures for which the City knew or should have known that conduct such as that evidenced in the instant case was likely to occur, but never provided the requisite and proper training that would have prevented it.

44.    Upon information and belief, Defendant City, acting through official policies, practices, and customs, and with deliberate, callous, and conscious indifference to the constitutional rights of McPhaul failed to implement the policies, procedures; and practices necessary to provide constitutionally adequate protection to McPhaul and implemented policies, procedures, and practices which were the moving force behind the violation of his constitutional rights.

45.    For instance, the following conduct, policies, and customs, inter alia, by Defendants violated McPhaul's constitutional rights:

   a. The City's failure to adequately train its officers on use of force;

   b. FPD's failure to discipline or terminate officers for non-compliance with policy;

46.    The City's failure to properly train its police officers regarding the use of force and due process was the proximate cause of the violations of McPhaul's constitutional rights.

## FALSE ARREST
## COUNT III- 42 U.S.C. § 1983

47.    Plaintiff incorporates by reference all paragraphs above as if fully set forth herein.

48.    Plaintiff would show that Defendant Officer's arrest and detention of McPhaul were objectively unreasonable and performed in bad faith in that they detained McPhaul without probable cause. McPhaul did not commit a crime as the evidence would show. Plaintiff would further show that he has suffered damages within the jurisdictional limits of this court as a result of the wrongful arrest and that such arrest was done under color of law.

49.    Plaintiff would show that Defendant Officers were acting within the official customs, policies, practices and/or procedures in regards to the use of excessive force and denial of due process as authorized and/or ratified by the City at the time of the incident. Plaintiff would additionally show that such wrongful arrest was done in violation of McPhaul's rights under the Fourth Amendment of the United States Constitution, as incorporated to the states by the Fourteenth Amendment, and that Plaintiff has suffered damages within the jurisdictional limits of this court as a result of the violations of his rights.

50.    Defendant Officers were acting under the color of law when they deprived McPhaul of his constitutional right to be free from false arrest.

51.    Charges against McPhaul were dropped.

52.    As a direct cause and result of the Constitutional violations by the City as set forth herein, Plaintiff incurred extreme pain and injuries for which he seeks compensation as set forth more specifically in the section of this Complaint entitled "Damages."

## NEGLIGENCE
### COUNT IV

53.    Plaintiff incorporates by reference all paragraphs above as if fully set forth herein.

54.    Defendant Officers owed a duty to McPhaul to not cause harm to his person or infringe upon his liberties.

55.    Defendant Officers breached their duty of care to McPhaul.

56.    Defendant Officers unlawfully detained McPhaul.

57.    Defendant Officers were negligent in their arrest of McPhaul.

58.    As a result of Defendant Officers' actions, McPhaul suffered physical, psychological, and emotional injuries.

59.    As a direct cause and result of Defendant Officers' actions as set forth herein, McPhaul incurred injuries for which he seeks compensation as set forth more specifically in the section of this Complaint entitled "Damages."

## GROSS NEGLIGENCE
### COUNT V

60.    Plaintiff incorporates by reference all paragraphs above as if fully set forth herein.

61.    Defendant Officers had a duty to employ only reasonable measures in the treatment of McPhaul.

62.    Notwithstanding said duties, Defendant Officers acted in a wanton and willful manner, exhibiting such carelessness and recklessness as to evidence of conscious disregard for the safety of McPhaul.

63.    As a direct and proximate result of the actions of Defendant Officers, Plaintiff suffered pain and suffering, mental anguish and severe emotional distress.

**COMPLAINT**                                                                                                          **Page 10 of 14**

64.     Defendant Officers embarked on a willful, malicious, reckless and outrageous course of conduct that was intended to cause and, in fact, caused McPhaul to suffer extreme and severe mental and emotional distress, agony and anxiety.

65.     Defendant Officers aggressive and violent attack on an unarmed and defenseless female by slamming his on the ground and breaking his arm for failing to make a coerced drug purchase offends generally accepted standards of decency and morality.

66.     Defendant Officers were not facing any imminent or serious threat of bodily harm or death. Thus, they knew or should have known that they had no right to use any force whatsoever with respect to McPhaul. Defendant Officers nonetheless unlawfully arrested McPhaul through their use of excessive force.

67.     As a direct cause and result of the actions of Defendant Officers as set forth herein, Plaintiff incurred extreme pain and injuries for which he seeks compensation as set forth more specifically in the section of this Complaint entitled "Damages."

## ASSAULT AND BATTERY
### COUNT VI

68.     Plaintiff incorporates by reference all paragraphs above as if fully set forth herein.

69.     Alternatively, Defendant Officers intentionally and without consent placed McPhaul in apprehension of imminent harmful contact and caused harmful bodily contact.

70.     Defendant Officers choked McPhaul breaking his arm, causing severe pain, swelling, and bruising which necessitated medical treatment.

71.     As a direct cause and result of the Constitutional violations by the City of Frisco as set forth herein, Plaintiff incurred extreme pain and injuries for which he seek compensation as set forth more specifically in the section of this Complaint entitled "Damages."

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### COUNT VII

72.    Plaintiff incorporates by reference all paragraphs above as if fully set forth herein.

73.    Defendant Officers' conduct, as described above, was intended to and did inflict severe mental and emotional distress upon McPhaul. Defendant Officers knew or should have known that such conduct would subject McPhaul to sever emotional distress.

74.    Defendant Officers' conduct was extreme and outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, as to be regarded as atrocious and utterly intolerable in a civilized society.

75.    Defendant Officers accosted, choked, and violently arrested a citizen for simply walking down the street.

76.    Defendant Officers' conduct proximately caused McPhaul damages in that it caused his to suffer severe emotional distress. In particular, Defendant Officers' conduct was the direct and proximate cause of severe mental pain and anguish.

77.    McPhaul's emotional distress has been severe m that he has suffered from PTSD, anxiety, depression, loss of sleep, and loss of appetite.

78.    In addition to severe emotional distress, McPhaul has suffered and will continue to suffer additional damages as a proximate result of the defendant's conduct in that, in all reasonable probability, McPhaul will continue to suffer this mental pain and anguish for a long time in the future.

## DAMAGES ALL DEFENDANTS
### COUNT VIII

79.    Plaintiff incorporates by reference all paragraphs above as if fully set forth herein.

80.     Defendants' acts and/or omissions were a proximate cause of the following injuries suffered by Plaintiff:

      a.   Actual damages;

      b.   Pain and suffering and mental anguish suffered by McPhaul;

      c.   Loss of quality of life;

      d.   Where applicable, exemplary and punitive damages as well as reasonable attorneys' fees and costs of court;

      e.   Pursuant to 42 U.S.C. § 1988, and other applicable laws, Plaintiff should be awarded reasonable attorney's fees for the preparation and trial of this cause of action, and for its appeal, if required;

      f.   Prejudgment interest; and

      g.   Post judgment interest.

81.     Plaintiff seeks unliquidated damages in an amount that is within the jurisdictional limits of the court.

## PUNITIVE/EXEMPLARY DAMAGES
### COUNT IX

82.     Plaintiff incorporates by reference all paragraphs above as if fully set forth herein.

83.     Additionally, and in the alternative, the conduct of Defendant Officers were done with malice.

84.     As such, Plaintiff requests punitive and exemplary damages to deter this type of conduct in the future. In the alternative, such heedless and reckless disregard of McPhaul's rights, safety and welfare is more than momentary thoughtlessness, inadvertence or misjudgment. Such unconscionable conduct goes beyond ordinary negligence, and as such Plaintiff requests punitive and exemplary damages are awarded against Defendant Officers in a sum which is within the jurisdictional limits of this court.

## COSTS AND ATTORNEY FEES

85.     Plaintiff incorporate by reference paragraphs above as if fully set forth herein. Plaintiff is entitled to an award of attorney fees and costs under 42 U.S.C. § 1988(b) and other applicable provisions or in equity. As such, Plaintiff requests the Court to award costs and attorney fees incurred in Plaintiff's prosecution of this litigation.

## CONDITIONS PRECEDENT

86.     Plaintiff reserves his rights to plead and prove the damages to which he is entitled to at the time of trial. All conditions to Plaintiff's recovery have been performed or have occurred.

## TRIAL BY JURY

87.     Plaintiff has paid a jury fee and demands trial by jury.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein; that upon final trial hereof Plaintiff has and recovers judgment from Defendants; actual damages, exemplary damages, pre-judgment interest at the legal rate; interest on said judgment at the legal rate; costs of court; and such other and further relief, both general and special, at law and in equity, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

/s/ Kim T. Cole
KIM T. COLE
Texas State Bar No. 24071024
**K. COLE LAW, PLLC**
2770 Main Street, Suite 186
Frisco, Texas 75033
(214) 702-2551 (phone)
(972) 947-3834 (fax)
kcole@kcolelaw.com

**ATTORNEY FOR PLAINTIFF**